**Edward Dean KENNEDY,
Petitioner–Appellant,**

v.

**Harry K. SINGLETARY, Secretary,
Florida Department of Corrections,
Respondent–Appellee.**

No. 92–2706.

United States Court of Appeals,
Eleventh Circuit.

July 20, 1992.

Billy H. Nolas, Julie D. Naylor, Ocala, Fla., for petitioner-appellant.

Richard B. Martell, State of Fla., Dept. of Legal Affairs, Tallahassee, Fla., for respondent-appellee.

Before TJOFLAT, Chief Judge, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

The district court denied this successive petition for writ of habeas corpus, denied a stay of execution, and denied the motion for a certificate of probable cause. Kennedy has appealed to this court and now seeks a stay of execution and a certificate of probable cause.

 The claim now asserted by Kennedy is that his sentencing jury was tainted by a constitutionally deficient instruction concerning the allegedly heinous aspect of the murders and that the Florida Supreme Court failed to cure that constitutional error by conducting a proper harmless error review.[1] Kennedy has failed to persuade us that the Florida Supreme Court improperly interposed a procedural bar. In any event, we conclude that the presentation of this claim constitutes an abuse of the writ. Kennedy did not raise this claim in his appeal to this court from the district court's denial of his first federal habeas petition.[2] As to both the procedural bar and the abuse of the writ, we cannot conclude that Kennedy has demonstrated "cause" or "prejudice" or a fundamental miscarriage of justice. *Sawyer v. Whitley,* — U.S. —, 112 S.Ct. 2514, 120 L.Ed.2d

269 (1992); *McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). We do not believe that this resolution is debatable among jurists of reason. *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

Accordingly, Kennedy's motion for a certificate of probable cause and for a stay of execution is

DENIED.

---

**1.** To the extent that Kennedy asserts any other claim, he has failed to persuade us that he is entitled to a stay of execution or a certificate of probable cause.

**2.** See *Kennedy v. Singletary,* Nos. 89–3845 & 92–2412 (11th Cir. April 30, 1992) (Unpublished Order) ("Kennedy's claim that his sentencing jury was tainted by a deficient instruction concerning the heinous aspect of the murders and the claim that the Florida Supreme Court failed to conduct a harmless error analysis with respect to same were not presented to this court on appeal from Kennedy's first federal habeas petition.")